Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
Gregory Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LORRI J. FORTUNATO,** | Civil Action No. 11-0794 |
| Plaintiff, | |
| v. | |
| **CHASE BANK USA, N.A.** | |
| Defendant. | |

## AMENDED COMPLAINT

1.  This is an action for damages brought by an individual consumer against Chase Bank USA, N.A. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and common law abuse of process and conversion.

## THE PARTIES

2.  Plaintiff Lori J. Fortunato is an adult individual and citizen of the State of New York residing at 182 Johnson Road, Wingdale NY 12594.

3.  Defendant Chase Bank USA, N.A. ("Chase") is a business entity which regularly conducts business in New Jersey and which has a principal place of business at 575 Washington Blvd., Jersey City, New Jersey 07310.

## JURISDICTION & VENUE

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 and 28 U.S.C. § 1331.

5.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.  At all pertinent times hereto, Defendant engaged in collection activities regarding a debt relating to a Chase account (hereafter the "debt").

7.  At all times material and relevant hereto, Plaintiff did not open the account at issue, nor did Plaintiff authorize anyone to open the account at issue on her behalf.

8.  At all times material and relevant hereto, Plaintiff was not responsible and making any charges to the account at issue.

9.  At all times material and relevant hereto, Plaintiff reasonably believes that the account at issue was opened as the result of identity theft having been committed against her.

10.  The debt negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  Defendant has been reporting the debt to credit reporting agencies, and through the credit reporting agencies, to Plaintiff's existing and prospective creditors.

11.  In or around April 2010, Plaintiff disputed the inaccurate information with the credit reporting agency Equifax by following the credit reporting industry's established procedures for disputing consumer credit information. Pursuant to the FCRA, and according to the credit reporting industry's procedures, Chase was notified by Equifax of Plaintiff's dispute and asked to investigate the debt and correct any inaccurate or incomplete information within 30 days, with all three national credit reporting agencies.

12. Notwithstanding Plaintiff's disputes, Defendant has failed to conduct a timely and reasonable investigation of Plaintiff's dispute after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to the national credit reporting agencies, and has failed to mark the above debt as disputed at all appropriate times.

13. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the debt and has continued to report the derogatory inaccurate debt information about Plaintiff.

14. Notwithstanding the above, on or about March 4, 2009, Defendant caused a lawsuit to be filed against Plaintiff in the Supreme Court of the State of New York, Putnam County, Docket Number 561/09 (the "lawsuit"), seeking to collect the debt from Plaintiff.

15. In connection with filing the lawsuit, Defendant filed service of process purporting to complete service by "mailing" and "affixing to door" at an address in Carmel, New York at which Plaintiff does not currently live and has never lived. Plaintiff as such was never validly served with process in connection with the lawsuit.

16. Defendant knew or should have know that service of process could not be completed at the Carmel, New York address because Plaintiff currently holds multiple credit accounts in good standing with Defendant which are registered to her proper address in Wingdale, New York.

17. Defendant did not communicate with Plaintiff regarding the debt prior to filing the lawsuit, nor did Defendant communicate with Plaintiff during the pendency of the lawsuit.

18. Defendant lacked probable cause to file the lawsuit because Defendant knew or should have known that Plaintiff was not responsible for the debt.

19. Defendant's filing of the lawsuit served no purpose other than to force Plaintiff to pay a debt that was not her responsibility.

20. On or about July 31, 2009, Defendant obtained a judgment by Default in the lawsuit.

21. Thereafter, in or around August 2009, for the first time, Defendant began contacting Plaintiff on numerous occasions by telephone in an attempt to collect the debt. During the communication, Defendant failed to advise Plaintiff that a lawsuit had been filed or that the judgment had been obtained in connection with the lawsuit.

22. During the communications identified above, Plaintiff advised Defendant's representatives during these communication that she had no knowledge of the account and that the account was likely the result of identity theft. Plaintiff further faxed personal identifying information to Defendant in order to confirm the same.

23. Notwithstanding the above, on or about May 24, 2010, Defendant began proceedings to garnish Plaintiff's wages.

24. On or about July 16, 2010, the Sheriff of Westchester County served upon Plaintiff's employer a demand to garnish Plaintiff's wages.

25. Plaintiff received notice of Defendant's intention to garnish her wages for the first time on or about August 11, 2010 through correspondence from her employer of the wage garnishment proceedings.

26. Plaintiff promptly contacted Defendant after receiving the notice from her employer and again advised Defendant's representative that she had no knowledge of the

account and that the account was likely the result of identity theft. Plaintiff also once again faxed personal identifying information to Defendant to confirm the same

27. Notwithstanding the above, Defendant moved forward with its wage execution against Plaintiff and wrongfully garnished Plaintiff's wages for the full amount of the judgment that it had wrongfully obtained against Plaintiff.

28. Defendant wrongfully obtained a judgment against Plaintiff and wrongfully took actions to garnish, and in fact garnished, her wages. Defendant's intent was to get paid for the debt, even though it knew that Plaintiff was not the responsible debtor and was, in fact, a victim of identity theft. The judgment and garnishment proceedings were never intended to punish victims of identity theft and to take their wages like Defendant did here.

29. As a result of Defendant's conduct described above, Plaintiff has suffered actual damages in the form of (a) out of pocket expenses, (b) lost credit opportunities, (c) harm to credit reputation and credit score and  (d) emotional distress.

30. Defendant knew or should have known that its respective actions violated the FCRA and common law as set forth below. Additionally, Defendant could have taken steps necessary to bring it and its agents' actions within compliance with these laws but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

35. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

> (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed; and
>
> (b) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT II – ABUSE OF PROCESS

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendant instituted a civil proceeding against Plaintiff as stated more full above.

39. Thereafter, having knowledge that the underlying debt was the result of identity theft, Defendant in a knowing, perverted and wrongful manner proceeded to execute on the judgment against Plaintiff and garnish Plaintiff's wages.

40. Defendant used execution and garnishment proceedings in this perverted manner for a wrongful purpose for which the proceedings were not designed to accomplish including but not limited to harassing Plaintiff and involuntarily forcing Plaintiff into paying for a debt for which she was not responsible to pay.

41. Defendant as such acted in a knowing, willful, reckless, malicious and/or grossly negligent manner for purposes other than adjudicating the claims for which the proceeding were brought as described above.

42. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

## COUNT III - CONVERSION

43. Plaintiff incorporate the foregoing paragraphs as though the same were set forth at length herein.

44. Plaintiff earns wages constituting chattel in the form of money assets possessed solely by Plaintiff and under Plaintiff's sole control.

45. Defendant deprived Plaintiff of her right to the above chattel and/or interfered with Plaintiff's use and possession of the chattel by wrongfully garnishing her wages for the amount of the full amount of the judgment as set forth above.

46. Defendant garnished Plaintiff's wages without the consent of Plaintiff and without any legal justification.

47. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendant is liable to compensate the Plaintiff for the

full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

48. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) An Order instructing Defendant to cease and desist from all further collection activities against Plaintiff in connection with the debt;

(a) Actual and/or compensatory damages;

(b) Statutory damages

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Soumilas and Gregory Gorski as trial counsel in the above-captioned matter.  Plaintiff reserves the right to amend this designation as necessary.

**ARBITRATION CERTIFICATION**

I, Gregory Gorski, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court.

                                            **FRANCIS & MAILMAN, P.C.**

                                            */s/ Gregory Gorski*
                                            MARK MAILMAN
                                            JOHN SOUMILAS
                                            GREGORY GORSKI
                                            Land Title Building, 19th Floor
                                            100 South Broad Street
                                            Philadelphia, PA  19110
                                            (215) 735-8600

Dated: June 22, 2011