STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
*Attorneys for Defendant, CHASE BANK USA, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X

LORRI J. FORTUNATO,

                              Plaintiff,

        -against-                                  Docket No. 2:11-cv-00794-SRC-MAS

CHASE BANK USA, N.A.,

                             Defendant.

-----------------------------------------------------------------------X

**ANSWER**

     Defendant, Chase Bank USA, N.A.,  ("Chase"), by its attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, as and for its answer to the amended complaint of plaintiff, responds as follows:

     1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the amended complaint and leaves questions of law to the Court.

**THE PARTIES**

     2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the amended complaint and leaves plaintiff to her proof.

     3.     Admits Chase is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Delaware and that Chase

does business in New Jersey, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "3" of the amended complaint.

## JURISDICTION AND VENUE

4.      Admits the United States District Courts have jurisdiction over this matter and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4" of the amended complaint.

5.      Denies that this action is properly venued pursuant to 28 U.S.C. § 1391.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the amended complaint as no reference is made to any specific account.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the amended complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the amended complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the amended complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the amended complaint as no reference is made to a specific account.

11.      Admits that in or about May 2010 Chase received a credit bureau dispute in connection with plaintiff's Chase account ending in 7216, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the amended complaint.

12.     Denies the allegations in paragraph "12" of the amended complaint.

13.     Denies the allegations in paragraph "13" of the amended complaint.

14.     Admits Chase commenced a lawsuit against plaintiff in or about February 2009 in the Supreme Court of the State of New York, County of Putnam, Index No. 561/09 in connection with credit card debt, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "14" of the amended complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the amended complaint, except admits that personal service was made pursuant to McKinney's CPLR § 308(4).

16.     Denies the allegations contained in paragraph "16" of the amended complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the amended complaint.

18.     Denies the allegations in paragraph "18" of the amended complaint.

19.     Denies the allegations in paragraph "19" of the amended complaint.

20.     Admits the allegations in paragraph "20" of the amended complaint.

21.     Denies that Chase first attempted to contact plaintiff in August 2009 in connection with the debt and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "21" of the amended complaint.

22.     Denies that plaintiff advised Chase that she had no knowledge of the account and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "22" of the amended complaint.

23.     Admits the allegations contained in paragraph "23" of the amended complaint.

24.     Admits the Sheriff of Westchester County served upon plaintiff's employer a demand to garnish plaintiff's wages, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "24" of the amended complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the amended complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the amended complaint.

27.     Admits Chase proceeded with the wage execution and garnished plaintiff's wages and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "27" of the amended complaint.

28.     Denies the allegations in paragraph "28" of the amended complaint.

29.     Denies the allegations contained in paragraph "29" of the amended complaint and leaves plaintiff to her proof.

30.     Denies the allegations contained in paragraph "30" of the amended complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the amended complaint.

32.     Denies the allegations in paragraph "32" of the amended complaint.

## COUNT I – VIOLATIONS OF THE FCRA

33.     Repeats and realleges the answers to paragraphs "1" to "32" as if fully set forth herein.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the amended complaint and leaves all questions of law to the Court.

35.     Denies the allegations in paragraph "35" of the amended complaint.

36.     Denies the allegations in paragraph "36" of the amended complaint.

## COUNT II – ABUSE OF PROCESS

37.     Repeats and realleges the answers to paragraphs "1" to "36" as if fully set forth herein.

38.     Admits Chase commenced a lawsuit against plaintiff in or about February 2009 in the Supreme Court of the State of New York, County of Putnam, Index No. 561/09 in connection with credit card debt, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

39.     Denies the allegations in paragraph "39" of the amended complaint.

40.     Denies the allegations in paragraph "40" of the amended complaint.

41.     Denies the allegations in paragraph "41" of the amended complaint.

42.     Denies the allegations in paragraph "42" of the amended complaint.

## COUNT III – CONVERSION

43.     Repeats and realleges the answers to paragraphs "1" to "42" as if fully set forth herein.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the amended complaint and leaves questions of law to the Court.

45.     Denies the allegations in paragraph "45" of the amended complaint.

46.     Denies the allegations in paragraph "46" of the amended complaint.

47.     Denies the allegations in paragraph "47" of the amended complaint.

48.     Denies plaintiff is entitled to the relief requested in the "wherefore" clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49.     Plaintiff's choice of venue in this district is improper pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1404.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50.     This action cannot be properly brought without a necessary party, Nicole Fortunato, and therefore, this action must be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51.     Plaintiff is not entitled to recover as against defendant under the doctrine of unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52.     This action is improperly before this Court since another action between plaintiff and defendant litigating the same cause of action as set forth in the complaint has previously been initiated in the Supreme Court of the State of New York, County of Putnam, Index No. 561/09.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53.     The damages sustained by plaintiff, if any, were caused by persons other than Chase, including but not limited to, plaintiff and Nicole Fortunato.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54.     Defendant complied with the requirements of the Fair Credit Reporting Act ("FCRA").

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55.     The claims are barred under § 1681s-2 to the extent that the answering defendant maintained reasonable policies and procedures to comply with the requirements of § 1681s-2.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

56.     Plaintiff suffered no actual damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claims are barred pursuant to the FCRA, including but not limited to 15 USC § 1681 et seq.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's demand for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action and the imposition of exemplary or punitive damages would be against public policy.

7

**WHEREFORE**, for all the foregoing reasons, it is respectfully requested that the amended complaint be dismissed in its entirety, and that Chase be awarded the costs and disbursements of this action, together with such other and further relief as this court may deem just and proper.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Thomas E. Stagg, Esq. is hereby designated as trial counsel for Chase in the above matter.

Dated:   Garden City, New York
     August 25, 2011

         **STAGG, TERENZI, CONFUSIONE**
         **& WABNIK, LLP**

         By: <u>s/Thomas E. Stagg</u>
          Thomas E. Stagg
         Attorneys for Defendant
         Chase Bank USA, N.A.
         **Office & P.O. Address**
         401 Franklin Avenue
         Suite 300
         Garden City, New York 11530
         (516) 812-4500

To:   Francis & Mailman
    Land Title Building, 19th Floor
    100 South Broad Street
    Philadelphia, PA 19110