```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
LORRI J. FORTUNATO,             :
                                :
             Plaintiff,         :
                                :
     -against-                  :      No. 11 Civ. 6608 (JFK)
                                :      Memorandum Opinion & Order
CHASE BANK USA, N.A.,           :
                                :
             Defendant.         :
-------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-16-11

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Chase Bank USA, N.A.'s ("Chase" or "Defendant") letter application for leave to file a third-party complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. For the reasons that follow, the application is granted.

## I.   Background

In an amended complaint dated June 22, 2011, Plaintiff Lorri J. Forunato ("Lorri" or "Plaintiff") alleges that another person fraudulently opened a Chase credit card account in her name and proceeded to incur debt without her knowledge or authorization. (Am. Compl. ¶¶ 7-9). When the debt went unpaid, Chase initiated collection proceedings against Lorri in New York Supreme Court on March 4, 2009 by completing service of process at an address in Carmel, New York; Lorri claims that she has never lived at the address where Chase attempted to serve her notice of the action. (Id. ¶¶ 14-15). On July 31, 2009, Chase

1

obtained a default judgment against Lorri, and on May 24, 2010, Chase began proceedings to garnish her wages. (Id. ¶¶ 20, 23). Chase eventually satisfied the full amount of the default judgment through garnishment of Lorri's wages. (Id. ¶ 27). Lorri brings claims against Chase for violation of the Fair Credit Reporting Act, abuse of process, and conversion. (Id. ¶¶ 33-47).

Lorri initially filed this action in the United States District Court for the District of New Jersey. In an order dated September 14, 2011, Judge Chesler granted Chase's motion to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Subsequently, in a letter dated October 13, 2011, Chase requested leave to implead Nicole Fortunato ("Nicole"), Lorri's daughter, into this action. In a proposed third-party complaint, Chase alleges that Nicole opened the credit card account in her mother's name, listed her own address in Carmel, New York in the account application, and proceeded to charge $1,243.09, which amount was ultimately garnished from Lorri's wages. (Third Party Compl. ¶¶ 12-14, 20, 22). Chase seeks to assert claims against Nicole for contribution, indemnification, breach of contract, account stated, fraud, and unjust enrichment. (Id. ¶¶ 23-48). In a letter dated October 21, 2011, Plaintiff's counsel informed the Court that Lorri "takes no position" regarding Chase's

2

application for leave to file a third-party complaint against her daughter.

## II. Discussion

Under Rule 14(a)(1), a defendant may implead a third party "who is or may be liable to it for all or part of the claim against it." Although leave of court is required to file a third-party complaint more than fourteen days after defendant served its original answer to the complaint, Fed. R. Civ. P. 14(a)(1), "[t]imely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 459 (S.D.N.Y. 1984). "Impleader is appropriate when the third-party defendant's liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'" Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (quoting Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984)). "Factors relevant to the determination of whether to permit the filing of a third-party complaint include: (1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate

3

the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." Fashion-in-Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P., No. 97 Civ. 340, 1999 WL 500149, at *6 (S.D.N.Y. July 15, 1999).

    Each of the four factors favor impleader.  It is unlikely that Defendant could have brought Nicole into the case prior to its transfer to the Southern District of New York since Nicole is not a New Jersey resident and there are no facts indicating any connection between Nicole and the New Jersey forum.  As soon as the case was transferred to a jurisdiction where Nicole could be reached, Defendant requested leave to file a third-party complaint.  Accordingly, there is no indication that Defendant delayed in its Rule 14(a) application.  Nor would impleader delay or complicate the case, as the parties have yet to appear for an initial conference in this District, discovery has not yet begun, and no trial date has been set.  The Court has no reason to believe impleading Nicole at this early stage would cause her prejudice.  Finally, although it is an open question whether indemnification and contribution are available with respect to the Fair Credit Reporting Act, see, e.g., Smith v. Waverly Partners, LLC, No. 10 Civ. 28, 2011 WL 1655592, at *6-7 (W.D.N.C. Apr. 29, 2011) (finding that neither the Fair Credit Reporting Act itself nor federal common law create rights of

contribution or indemnity); McMillan v. Equifax Credit Info. Servs., Inc., 153 F. Supp. 2d 129, 132 (D. Conn. 2001) (denying motion to file third-party complaint asserting indemnification claim in connection with alleged Fair Credit Reporting Act violation), Defendant may have valid claims against Nicole for, among other things, breach of contract and fraud that are closely related to the underlying action and may affect Defendant's liability to Plaintiff. As Plaintiff has raised no objection to the application, the Court believes the most prudent course of action is to permit impleader and allow the third-party claims to be tested through fully briefed motion practice.

### III.  Conclusion

Defendant's application to implead a third party into this action is granted. Defendant is directed to file the third-party complaint no later than November 30, 2011. The initial conference scheduled for November 21, 2011 is adjourned until February 1, 2012 at 10:30 a.m. to allow time for service so that all parties may attend.

**SO ORDERED.**

Dated:   New York, New York
         November 16, 2011

                                          _____
                                          John F. Keenan
                                          United States District Judge